## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN DARNOLD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-CV-226-TCK-FHM |
| ) | |
| ) | |
| TY KOCH, Osage County Sheriff; et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On April 9, 2010, Plaintiff, appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1). When he filed his complaint, Plaintiff was a prisoner in federal custody. However, during the pendency of this action, Plaintiff has been released from custody. By Order filed April 14, 2010 (Dkt. # 4), the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed him to pay an initial partial filing fee. On August 17, 2010, pursuant to the Court's directive, Plaintiff filed a second amended complaint (Dkt. # 15). By Order filed August 20, 2010 (Dkt. # 16), the Court directed service of the second amended complaint by the United States Marshal.

The record reflects that in response to the second amended complaint, Defendant Stanley Glanz filed a Special Report (Dkt. # 33) and a motion to dismiss (Dkt. # 36); Defendants Brown, Dunn, Hargraves, Hastings, Koch, Leach, Petty, Rumsey, and Sanders (the "Osage County defendants") filed a Special Report (Dkt. # 38) and a motion to dismiss (Dkt. # 39); and Defendant Sizemore filed a motion to dismiss (Dkt. # 47). Plaintiff filed a response (Dkt. # 40) and a supplemental response (Dkt. # 45) to the motion to dismiss filed by the Osage County defendants. The Osage County defendants filed a reply (Dkt. # 41). Plaintiff filed a response (Dkt. # 52) to the

motion to dismiss filed by Defendant Sizemore. Defendant Sizemore filed a reply (Dkt. # 54). Plaintiff filed a response (Dkt. # 51) to the motion to dismiss filed by Defendant Glanz. For the reasons discussed below, the Court finds Defendants' motions to dismiss shall be granted.

### *BACKGROUND*

In his second amended complaint (Dkt. # 15), Plaintiff alleges that the named defendants were deliberately indifferent to a serious medical need while he was incarcerated at the Osage County Jail and at the Tulsa County Jail. Plaintiff claims that on October 25, 2007, prior to his incarceration, the fifth digit on his left hand was crushed in an oil-field accident. See Dkt. # 15. He also injured his shoulder. Dr. O'Brian, an orthopedic surgeon "pinned the finger and sewed it back on," and told Plaintiff that the pins would have to be removed in December or at the latest January. Id. On November 14, 2007, before the pins were removed, Plaintiff was arrested by the Osage County Sheriff's Office for driving under the influence. Plaintiff was booked into the Osage County Jail where he remained in custody until February 28, 2008, when he was booked in to the Tulsa County Jail.[1] The pins were not removed during his incarceration at the Osage County Jail. On April 29, 2008, while in custody at the Tulsa County Jail, the pins in his finger were removed by Dr. Nebergall, a surgeon in Tulsa, Oklahoma. After the pins were removed, Plaintiff attempted without success to rehabilitate the damaged tendons, tissue and muscle in his finger. On May 27, 2008, Dr. Nebergall amputated the finger.

---

[1] Plaintiff states that on February 20, 2008, he received a deferred sentence on the DUI charge filed in Osage County District Court. See Dkt. # 15, ¶ 76. On February 28, 2008, he was picked up by the United States Marshal service for transport to the Tulsa County Jail where he was booked in pursuant to a federal hold. Id., ¶¶ 76-78. This Court's records show that on July 31, 2008, in N.D. Okla. Case No. 08-CR-004-CVE, Plaintiff was convicted of Felon in Possession of a Firearm and Ammunition on his plea of guilty. On that same day, he was sentenced to 37 months imprisonment.

2

Based on those facts, Plaintiff raises four (4) claims, as follows: (1) a claim of deliberate indifference to serious medical needs against all defendants, (2) a claim against the Osage County Sheriff for establishment of policies, practices and customs within the jail which resulted in the violation of his constitutional rights, (3) a claim against the Tulsa County Sheriff for establishment of policies, practices and customs within the jail which resulted in the violation of his constitutional rights, and (4) a claim against unknown United States Marshals "who were responsible for the direct control and care of Plaintiff by and through the Sheriff during the period of this action."[2] (Dkt. # 15). Plaintiff seeks compensatory and punitive damages. Id.

### *PRELIMINARY CONSIDERATIONS*

Unexecuted returns of service were filed for Defendants Tyree Seals (Dkt. # 30), C. Slaven (Dkt. # 31) and Jason Liu (Dkt. # 32).[3] By Order filed April 22, 2011 (Dkt. # 50), the Court directed Plaintiff to show good cause for his failure to serve Defendants Seals, Slaven, and Liu. In his response to Defendant Glanz's motion to dismiss, Plaintiff states that the unserved defendants are no longer employed by the Tulsa County Sheriff's Office, but asserts that Defendant Glanz "is and should be held accountable for his employees whether they are still employed by the Tulsa County Sheriff's Office, or not." See Dkt. # 51. Upon review of the record, the Court finds Plaintiff has failed to demonstrate good cause for his failure to serve Defendants Seals, Slaven and Liu.

---

[2] Neither the United States Marshal Service nor individual deputy United States Marshals are named as defendants in the second amended complaint. As a result, the Court dismissed without prejudice Plaintiff's fourth cause of action because the "U.S. Marshals" were not named as defendants in the second amended complaint. See Dkt. # 16.

[3] An unexecuted return of service was also filed for Defendant Raymond Leach. See Dkt. # 28. However, the motion to dismiss (Dkt. # 39), filed November 1, 2010, was filed on behalf of the Osage County defendants, including Defendant Leach.

3

Therefore, those defendants shall be dismissed from this action without prejudice. Plaintiff's claim that Defendant Glanz should be held accountable for his employees' actions will be discussed below.

## *ANALYSIS*

### A. Dismissal standards

Under 28 U.S.C. § 1915(e), the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions

4

characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B. Claims against the Osage County Defendants and Defendant Sizemore are time barred**

In their motions to dismiss (Dkt. #s 39 and 47), the Osage County Defendants and Defendant Sizemore allege, *inter alia*, that Plaintiff's claims against them are barred by the two year statute of limitations applicable to 42 U.S.C. § 1983 claims. Plaintiff was incarcerated at the Osage County Jail from November 14, 2007, until February 28, 2008, when he was transferred to the Tulsa County Jail. Upon receipt of the complaint on April 9, 2010, the Clerk of Court filed the complaint of record. If given the benefit of the prisoner mailbox rule,[4] the earliest possible file date reflected in the record is April 6, 2010, the date Plaintiff signed the original complaint, see Dkt. # 1 at 35, and the date of the post-mark on the envelope containing the complaint, see id. at 63. In response to the motion filed by the Osage County Defendants, see Dkt. # 40, Plaintiff claims he filed his complaint within two (2) years of the date his finger was amputated. He argues that the amputation "is sufficiently related to the violations that occurred between November 14, 2007, and February 28, 2008" to establish a continuing violation so that his complaint was timely filed.

---

[4]See Houston v. Lack, 487 U.S. 266 (1988).

5

No statute of limitations is expressly provided for claims under 42 U.S.C. § 1983. However, the Supreme Court has held that courts must look to state law for the appropriate period of limitations in § 1983 cases. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The Tenth Circuit Court of Appeals has stated that the appropriate period of limitations for § 1983 actions brought in the State of Oklahoma is two years, pursuant to Okla. Stat. Ann. tit. 12, § 95(3). Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988). While state law governs limitations and tolling issues, federal law determines the accrual of § 1983 claims. Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995); Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir.1993). A civil rights action accrues when "facts that would support a cause of action are or should be apparent." Fratus, 49 F.3d at 675 (quoting Blumberg v. HCA Management Co., 848 F.2d 642, 645 (5th Cir.1988));  see also Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir.1991). A civil rights action accrues when the facts are apparent, not upon discovery of the legal basis for suit. See Fratus, 49 F.3d at 675. Thus, a plaintiff must bring an action within two years of the date when facts that would support a cause of action are or should be apparent.

The Court need not address whether the continuing violation doctrine applies to § 1983 claims because Plaintiff has failed to establish that the Osage County Defendants and Defendant Sizemore took any further action in the treatment of his finger after his transfer to the Tulsa County Jail on February 28, 2008. "Assuming the continuing violation doctrine applies to § 1983 claims, the doctrine is triggered 'by continual unlawful acts, not by continual ill effects from the original violation.'" Mata v. Anderson, 635 F.3d 1250, 1253 (10th Cir. 2011) (quoting Parkhurst v. Lampert, 264 Fed.Appx. 748, 749 (10th Cir. 2008) (unpublished) (in turn quoting Bergman v. United States, 751 F.2d 314, 317 (10th Cir. 1984))). In order for the continuing violations doctrine to apply, there

6

must be at least one wrongful act within the statutory filing period. See McCormick v. Farrar, 147 Fed. Appx. 716, 720 (10th Cir. 2005) (unpublished)[5]; see also Burkley v. Correctional Healthcare Management of Oklahoma, Inc., 141 Fed. Appx. 714, 716 (10th Cir. 2005) (unpublished) ("The continuing violation doctrine permits a court to look backwards to the entirety of a continuing wrong to assess its cumulative effect, so long as an injurious act falls within the statute of limitations period."). Plaintiff has not alleged that the Osage County Defendants or Defendant Sizemore committed any wrongful acts after his transfer to the Tulsa County Jail on February 28, 2008. Stated another way, Plaintiff does not claim that those Defendants committed a wrongful act within the two-year period preceding the filing of Plaintiff's complaint, or between April 6, 2008, and April 6, 2010. Thus, without determining whether the continuing violation doctrine applies to a § 1983 case, the undersigned finds that all of the alleged wrongful acts committed by the Osage County Defendants and Defendant Sizemore took place more than two (2) years before Plaintiff filed the instant complaint. Therefore, Plaintiff's claims against the Osage County Defendants and Defendant Sizemore are time barred. The motions to dismiss filed by those Defendants shall be granted.

**C. Allegations against Defendant Glanz fail to state a claim**

    **1. Individual capacity**

In response to the second amended complaint, Defendant Glanz filed a motion to dismiss (Dkt. # 36). Defendant Glanz claims that Plaintiff has failed to allege that he personally participated in, had knowledge of, or acquiesced in any of the alleged wrongdoings, and that, as a result, Plaintiff has failed to state a claim against him in his individual capacity.

---

[5]This and any other unpublished decision are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

7

Personal participation is an essential element of a § 1983 claim. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976); see also Garrett v. Stratman, 254 F.3d 946, 950 n.4 (10th Cir. 2001) (noting that medical official must have "played a role in the challenged conduct" to be liable for an Eighth Amendment violation). As a result, government officials have no vicarious liability in a section § 1983 suit for the misconduct of their subordinates because "there is no concept of strict supervisor liability under section 1983." Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996) (quotation omitted). Instead, a supervisor is liable only if he is "personally involved in the constitutional violation and a sufficient causal connection . . . exist[s] between the supervisor and the constitutional violation." Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006) (quotation omitted); see also Meade, 841 F.2d at 1527 (stating that to establish a § 1983 claim against a supervisor, the plaintiff must show that an "affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise" (quotations and alterations omitted)).

The Court finds that the second amended complaint fails to state a claim as to Defendant Glanz in his individual capacity. In ordering Plaintiff to file a second amended complaint to cure deficiencies in naming defendants, the Court specifically admonished Plaintiff that he was required to "explain how each named defendant allegedly violated his constitutional rights." See Dkt. # 12 at 3. The Court further advised Plaintiff that "simply alleging that a defendant is an employee of the jail or the healthcare provider is inadequate to state a claim. Plaintiff must go further and state how the named defendant violated his constitutional rights." See id. In paragraphs 78-101 of his second amended complaint, Plaintiff describes events which occurred during his incarceration at the Tulsa County Jail. See Dkt. # 15. None of the events described by Plaintiff involved Defendant Glanz.

Plaintiff clearly seeks to hold Defendant Glanz liable because he is "charged with the operation and supervision of the jail . . . ." (Dkt. # 15 at 6, ¶ 17). In response to Defendant Glanz's motion to dismiss, see Dkt. # 51, Plaintiff again emphasizes his contention that Defendant Glanz should be liable based on his role as a supervisor by stating that Defendant Glanz "is and should be held accountable for his employees wheather [sic] they are still employed by the Tulsa County Sheriff's Office, or not." However, as explained above, there is no strict supervisor liability under section 1983. Defendant Glanz is cannot be liable simply because he oversees or supervises the jail. The second amended complaint is void of allegations that Defendant Glanz personally participated in or acquiesced to any of the medical care provided to Plaintiff. Therefore, upon consideration of the second amended complaint in its entirety and accepting all factual allegations contained therein as true, the Court finds the second amended complaint fails to state a claim against Defendant Glanz in his individual capacity. In light of the admonishments given by the Court prior to Plaintiff's filing of his second amended complaint, the Court finds that dismissal is appropriate because to allow further amendment as to Defendant Glanz would be futile.

**2. Official capacity**

As his third cause of action, see Dkt. # 15, Plaintiff sues Defendant Glanz in his official capacity as Sheriff of Tulsa County. Claims against a government officer in his official capacity are actually claims against the government entity for which the officer works. Kentucky v. Graham, 473 U.S. 159, 167 (1985). Thus, any claim against Defendant Glanz in his official capacity is tantamount to an action against Tulsa County itself. See Lopez v. LeMaster, 172 F.3d 756, 762 (10th Cir. 1999). Under § 1983, a municipality may not be held liable on a theory of respondeat superior. Seamons v. Snow, 206 F.3d 1021, 1029 (10th Cir. 2000) (citing Monell v. Dep't of Soc. Servs., 436

9

U.S. 658, 691 (1978)). Instead, the plaintiff must show "that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." Camfield v. City of Oklahoma City, 248 F.3d 1214, 1229 (10th Cir. 2001) (internal quotation marks omitted). To establish municipal liability, a plaintiff must show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).

Defendant Glanz, in his official capacity, cannot be liable through vicarious liability. See Monell, 436 U.S. at 691.  Significantly, Plaintiff acknowledges in his second amended complaint that Correctional Health Management of Oklahoma ("CHMO") contracts with "the Tulsa County Sheriff's Office and/or Tulsa County Jail Authority" to provide health care to inmates at the Tulsa County Jail.  See Dkt. # 15 at ¶¶ 18, 19.  The Court is obligated to accept Plaintiff's statement as true.  In support of his motion to dismiss, Defendant Glanz provides a copy of the contract with CHMO, see Dkt. # 36, Ex. A,[6] and alleges that it "is the policy in place for handling the medical needs of prisoners." See Dkt. # 36. In response to the motion to dismiss (Dkt. # 51), Plaintiff does not dispute the authenticity of the contract. Plaintiff makes no allegation in the second amended complaint suggesting a direct causal link between the policy for providing medical care at the Tulsa County Jail and his injury. Olsen v. Layton Hills Mall, 312 F.3d 1304, 1318 (10th Cir. 2002); Palmer v. Board of Com'rs for Payne Cnty. Oklahoma, 765 F.Supp.2d 1289, 1302 (W.D Okla. 2011). Plaintiff has failed to make any factual allegations suggesting that "the 'execution of the

---

[6]In considering a motion to dismiss, the Court may consider a contract, central to the plaintiff's claim, which has been referenced in but not included with the complaint. See Utah Gospel Mission v. Salt Lake City Corp., 425 F.3d 1249, 1253-54 (10th Cir. 2005).

government's policy or custom . . . inflict[ed] the injury'" he allegedly suffered as a result of medical care provided at the jail. City of Canton v. Harris, 489 U.S. at 385. Stated another way, even if Plaintiff could demonstrate that the medical care provided to him at the Tulsa County Jail failed to satisfy constitutional standards, see Estelle v. Gamble, 429 U.S. 97, 104 (1976) (requiring demonstration of deliberate indifference to a serious medical need),[7] he has not alleged that the policy for providing medical care was the driving force behind the constitutional violation.

Furthermore, Plaintiff's allegations in his third cause of action can be characterized as conclusory and generalized. A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (internal alterations, citations, and quotations omitted). In setting forth his claims against the Tulsa County Sheriff, Plaintiff fails to provide factual enhancement serving to link his injury to specific policies at the Tulsa County Jail. For example, Plaintiff claims that the Tulsa County Sheriff's Office failed to "provide training and supervision regarding the use [of] solitary confinement and dealing with injured individuals." (Dkt. # 15 at ¶ 121A). However, Plaintiff provides no statement of fact relating to his injury which supports that allegation. Similarly, Plaintiff claims that the Tulsa County Sheriff's Office failed to establish a policy to "discipline deputies and employees who violate the Constitutional rights of the very citizens they are sworn to protect." (Dkt. # 15 at ¶ 123C). However, none of the factual allegations contained in ¶¶ 78-101 suggest that Plaintiff's injury resulted from

---

[7]The Court notes that in paragraphs 78-101 of the second amended complaint (Dkt. # 15), Plaintiff sets forth factual allegations supporting his claims that he received constitutionally inadequate medical care while in custody at the Tulsa County Jail. Those allegations encompass a three (3) month period and reflect that Plaintiff received clean dressings, ointment, and an antibiotic; X-rays of his left hand and shoulder; several trips to the medical unit at the jail; and 4-5 trips to receive medical treatment outside the jail.

a policy providing for discipline. The remaining allegations presented in the third cause of action fail for the same reason. Plaintiff fails to allege facts supporting a direct causal link between the policy or custom and the injury alleged.

Upon consideration of the second amended complaint in its entirety and accepting all factual allegations contained therein as true, the Court finds the second amended complaint fails to state a claim against Defendant Glanz in his official capacity.

**D. Challenge to grievance policy fails to state a claim**

To the extent Plaintiff attributes his injury to Defendant Glanz's alleged failure to insure that prisoners had access to an adequate grievance process, see Dkt. # 15 at ¶ 17, the second amended complaint fails to state a claim upon which relief may be granted. Plaintiff does not have a constitutionally protected right to have access to a grievance procedure or to receive what he would consider to be a proper response to his grievance. See, e.g., Bingham v. Thomas, --- F.3d ---, 2011 WL 3862101 (11th Cir. 2011); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Murray v. Albany Cnty. Bd. of Cnty. Comm'rs, No. 99-8025, 2000 WL 472842 at *2 (10th Cir. Apr. 20, 2000) (unpublished). Thus, Defendant Glanz has no constitutional obligation to provide a grievance policy at all. As a result, Defendant Glanz cannot be held liable for injuries attributable to an allegedly inadequate grievance policy in effect at the jail.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendants Seals, Slaven, and Liu are **dismissed without prejudice** from this action based on Plaintiff's failure to effect timely service.

2. The motion to dismiss filed by Defendant Glanz (Dkt. # 36) is **granted**. Plaintiff's claims against Defendant Glanz are **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

3. The motion to dismiss filed by Defendants Brown, Dunn, Hargraves, Hastings, Koch, Leach, Petty, Rumsey, and Sanders (Dkt. # 39) is **granted**. Plaintiff's claims against those Defendants are barred by the statute of limitations. Those claims are **dismissed with prejudice**.

4. The motion to dismiss filed by Defendant Sizemore (Dkt. # 47) is **granted**. Plaintiff's claims against Defendant Sizemore are barred by the statute of limitations. Those claims are **dismissed with prejudice**.

5. A separate judgment in favor of Defendants shall be entered in this matter.

DATED THIS 30th day of September, 2011.

*/s/ Terence C. Kern*
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE